**Cibik & Cataldo, P.C.**
1500 Walnut Street, Suite 900

Philadelphia, PA 19102
Phone: (215) 735-1060
Bar Number:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

IN RE:  **Emerick McKesey**  §   CASE NO  **17-16223AMC13**
xxx-xx-3060  §
§   CHAPTER  **13**
§
§
*Debtor(s)*  §

## CHAPTER 13 PLAN

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE OF SAID COURT:

COMES NOW, Emerick McKesey, Debtor herein, and proposes the following plan under Chapter 13 of the Bankruptcy Code:

1. The debts of DEBTOR(S) duly proved and allowed shall be paid to the holder thereof in accordance with the provisions of Chapter 13 of the Bankruptcy Code and this Plan.

2. The future earnings of DEBTOR(S) are submitted to the supervision and control of this Court, and DEBTOR(S) shall pay to the TRUSTEE a sum of __**$2,500.00**__ on the __**30th**__ day of each month commencing on _____ and continuing on the __**30th**__ day of each and every succeeding month thereafter for a full term (duration) of this plan. This plan shall be for __**60 months**__.

3. From the payments received, the TRUSTEE will make disbursements in the following order:

    **(a). Administrative Expenses:** The TRUSTEE shall FIRST pay the expenses as prescribed by the Court, for administration of this plan.

| Name of Creditor | Type | Amount | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| Cibik and Cataldo, P.C. | Attorney Fees | $4,000.00 | 0% | First Funds | | $4,000.00 |

    **(b). Priority Claims:** All Claims entitled to priority under Section 507 of the Bankruptcy Code will be paid as follows:

| Name of Creditor | Claim Amount | Amount Entitled To Priority | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| Commonwealth of PA | $2,775.00 | $2,775.00 | 0% | Pro-Rata | 1-36 | $2,775.00 |
| Delaware County Tax Claim Bure | $5,858.63 | $5,858.63 | 0% | Pro-Rata | 1-36 | $5,858.63 |
| Delaware County Tax Claim Bure | $3,880.71 | $3,880.71 | 0% | Pro-Rata | 1-36 | $3,880.71 |
| I.R.S. | $14,104.22 | $14,104.22 | 0% | Pro-Rata | 1-36 | $14,104.22 |

    **(c). Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed will be treated as follows:

    **(1). Valuation of Collateral:** The Creditors listed below have a claim secured by a lien on the collateral shown and the claim of each creditor is secured to the extent of the fair market value of such property. The value of such creditor's interest in such collateral is as set forth hereinbelow and such fair market value set hereinbelow is binding as to each such creditor. Pursuant to the Bankruptcy Code, the Debtor(s) ask the Court to value the collateral shown as indicated below and to determine what portion, if any, of the following claim or claims are secured and what portions are unsecured. The purpose of this plan provision and valuation is to clearly provide that once Debtor(s) have paid such fair market value through the TRUSTEE, the lien of each such secured creditor shall be deemed invalid and, at such time, each creditor shall immediately execute and deliver any and all necessary documents to effectuate release of such lien and delivery of an unencumbered title to the Debtor(s).

| Name of Creditor | Collateral Description | Fair Market Value |
|---|---|---|
| Wells Fargo Bank NA | 2013 Chevrolet Equinox-- | $9,430.00 |

*\* Variable payments are scheduled, please see Pro Forma, if attached.*
Computer software provided by LegalPRO Systems, Inc., San Antonio, Texas  (210) 561-5300.

(H) Emerick McKesey
(W)
(C#) 17-16223AMC13

**CHAPTER 13 PLAN**

*Page 2*

Each secured creditor described herein shall retain the lien existing prior to the commencement of the case only to the extent of the value of the collateral and to secure payment of the allowed amount of its claim. In the case of each secured creditor listed in this section, the allowed amount is the fair market value set forth herein. Once the allowed secured amount has been satisfied through the Plan, the creditor's lien will have been satisfied in full and the lien will no longer exist. Upon payment of the secured portion of a creditor's claim, the creditor shall immediately release its lien and deliver clear title to the Debtor(s).

**(2). Payment of Secured Claims:** Secured creditors, whose claims are duly and timely filed, approved and allowed, will be paid as follows:

| Name of Creditor / Collateral | Amount Claimed / Value of Collat. | Principal Amt to Be Paid | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| Delaware County Tax Claim Bure / 852 Main Street & 101 Branford Road, Darby, PA | $15,000.00 / $0.00 | $0.00 | 0% | Pro-Rata | None | $0.00 |
| DLJ Mortgage Capital, Inc. / 106 N. 9th StreetDarby PA 19023 | $40,000.00 / $40,000.00 | $40,000.00 | 0% | Pro-Rata | 1-36 | $40,000.00 |
| I.R.S. / REAL ESTATRE AND PERSONALLY | $61,865.04 / $0.00 | $0.00 | 0% | Pro-Rata | None | $0.00 |
| Wells Fargo Bank NA / 2013 Chevrolet Equinox-- | $22,661.81 / $9,430.00 | $9,430.00 | 5.25% | Pro-Rata | 1-36 | $10,229.51 |

**(3). Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor(s) exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph (e) below:

| Name of Creditor | Collateral Description | Amount of Claim |
|---|---|---|
| | | |

**(d). Special Class:** The following specially classified claims shall be paid as follows:

| Name of Creditor | Claim Amount | Principal Amt. To Be Paid | Interest Rate | Monthly Payment | Term | Total Paid |
|---|---|---|---|---|---|---|
| | | | | | | |

**(e). Unsecured Claims:** Unsecured claims will be paid pro rata by the TRUSTEE after payment of the aforementioned categories, to creditors who have duly and timely filed and proved their claim, with the same having been allowed by the Court, with such payments or dividends to be paid in lieu of the debt and in satisfaction of the debts of such creditors.

**(f).** No interest, penalty or additional charge shall be allowed on any account subsequent to the filing of the petition herein, except that interest shall be allowed on claims to fully secured creditors in accordance with 11 U.S.C. § 506(b).

**4.** DEBTOR(S) shall pay direct the following debts outside the Plan:

| Name of Creditor | Collateral Description | Monthly Amount | Balance |
|---|---|---|---|
| DLJ Mortgage Capital, Inc. | 106 N. 9th StreetDarby PA 19023 | $788.00 | $110,000.00 |

**5.** The following secured claims are not dealt with in the DEBTOR(S)' plan, therefore, upon confirmation of the DEBTOR(S)' Chapter 13 Plan, the automatic stay provisions of 11 U.S.C. § 362 will be terminated and annulled with respect to each of the following claims:

| Name of Creditor | Collateral Description | Claim | Value | Deficiency |
|---|---|---|---|---|
| | | | | |

The automatic stay provisions of 11 U.S.C. Sec. 362 remain in effect as to DEBTOR(S).
The remaining portion of the debt (deficiency), if any, shall be treated as any other general unsecured claim under this plan.

**6.** All executory contracts of the DEBTOR(S) will be assumed unless specifically rejected herein. The following executory contracts and/or leases are ASSUMED or REJECTED as indicated below:

| Name of Creditor | Contract is Assumed/Rejected |
|---|---|
| Glen Blake | Assumed |

*\* Variable payments are scheduled, please see Pro Forma, if attached.*

7. Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S).

8. The Court may, from time to time, during the period of the plan, extend, increase or reduce the amount of any of the installments provided for by the plan, or extend or shorten the time for any such payments where it shall be made to appear, after such hearing, upon such notice as the Court may designate, that the circumstances of DEBTOR(S) so warrant or so require; provided, however, that nothing in this plan shall be construed to prevent the granting of a discharge of DEBTOR(S) as provided in 11 U.S.C. § 1328.

9. **Post-Confirmation Cure or Waiver of Default:**
Any default of the DEBTOR'S post-confirmation plan payments may only be WAIVED by compliance with the provisions of 11 U.S.C. § 1329.  Any default of post-confirmation plan payments may only be CURED by permission of the Standing Chapter 13 Trustee and compliance with such conditions as the TRUSTEE may impose.

10. **Post-Petition Claims:**
The DEBTOR(S) will not incur any post-petition consumer debt except after notice to creditors and approval by the Court or the Standing Chapter 13 Trustee.  Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

## Additional Provisions of the Plan

**11.  Unsecured Priorty Tax Claims Treatment in Plan**

The unsecured priority claims of all taxing authorities provided for under the plan shall be "Code 23 Creditors" and paid pro-rata in full by the Chapter 13 Trustee before disbursement to the mortgagors, or other secured creditors.

**100 PERCENT TO ALLOWED GENERAL UNSECURED CLAIMS**

DATED on this the __20th____ day of ___September_____, _2017___.

/s/ Emerick McKesey
Debtor:    **Emerick McKesey**

**Cibik & Cataldo, P.C.**

/s/ Michael A. Cibik, Esquire
**Michael A. Cibik, Esquire**
Bar Number:
1500 Walnut Street, Suite 900

Philadelphia, PA 19102
Phone:  (215) 735-1060        Fax:  (215) 735-6769

**Cibik & Cataldo, P.C.**
1500 Walnut Street, Suite 900

Philadelphia, PA 19102
Phone: (215) 735-1060
Bar Number:

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION**

IN RE: §
(H) **Emerick McKesey** §   CASE NO: **17-16223AMC13**
xxx-xx-3060 §
(W) §
§
Debtor(s) §

FOR CLERK'S USE ONLY

# CHAPTER 13 PLAN SUMMARY (EXHIBIT "A")   DATED: **9/8/2007**

Petition was filed on **9/12/2017**.

H&W Monthly Take Home Pay: **$9,181.00**   Expenses: **$6,681.00**   Surplus: **$2,500.00**

First payment due by: _____.

**PLAN PAYMENT:** Debtor(s) to pay **$2,500.00** per month for **60 months** for a total of **$150,000.00**.
**ADMINISTRATIVE:** Total debtor's attorney fees of **$7,500.00** with **$4,000.00** through the plan.

**HOME MORTGAGE:**
Regular mortgage payments on all liens to be "Direct" by Debtor beginning _____.
Arrearages are to be paid by the Trustee as follows:

| Lien Holder | Total Arrearage | Through MM/DD/YY | Interest Rate | Payment Term | # of Payments | Periodic Payment Amount |
|---|---|---|---|---|---|---|
| DLJ Mortgage Capital, Inc. | $40,000.00 | | 0% | 1-36 | 36 | Pro-Rata |

**SECURED CREDITORS:**

| Name | Description of Collateral | Scheduled Amount | Value of Collateral | Annual Int. Rate | Term | Periodic Payment Amount |
|---|---|---|---|---|---|---|
| Delaware County Tax Claim Bur | 852 Main Street & 101 Branford Road, I | $15,000.00 | $0.00 | 0% | None | Pro-Rata |
| I.R.S. | REAL ESTATRE AND PERSONALLY | $61,865.04 | $0.00 | 0% | None | Pro-Rata |
| Wells Fargo Bank NA | 2013 Chevrolet Equinox-- | $22,661.81 | $9,430.00 | 5.25% | 1-36 | Pro-Rata |
| DLJ Mortgage Capital, Inc. | 106 N. 9th StreetDarby PA 19023 | $110,000.00 | $73,876.00 | 4% | N/A | $788.00 (Direct) |

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES:**

| Creditor Name | Description of Contract | Election | In Default |
|---|---|---|---|
| Glen Blake | lease | Assumed | No |

**PRIORITY CREDITORS:**

| Name | Amount Disputed | Scheduled Amount | Annual Int. Rate | Term | Periodic Payment Amount |
|---|---|---|---|---|---|
| Cibik and Cataldo, P.C. | $0.00 | $4,000.00 | 0% | | First Funds |
| Commonwealth of PA | $0.00 | $2,775.00 | 0% | 1-36 | Pro-Rata |
| Delaware County Tax Claim Bure | $0.00 | $5,858.63 | 0% | 1-36 | Pro-Rata |
| Delaware County Tax Claim Bure | $0.00 | $3,880.71 | 0% | 1-36 | Pro-Rata |
| I.R.S. | $0.00 | $14,104.22 | 0% | 1-36 | Pro-Rata |

* Variable Payments Scheduled. See Pro Forma, if attached.

(H) **Emerick McKesey**  
(W)  
(C#) **17-16223AMC13**

**CHAPTER 13 PLAN SUMMARY (EXHIBIT "A")** *Page 2*

**SPECIAL CLASS UNSECURED CREDITORS:**

| Name | Basis for Classification | Scheduled Amount | Annual Int. Rate | Term | Periodic Payment Amount |
|---|---|---|---|---|---|
| | | | | | |

**GENERAL UNSECURED CREDITORS:**     Pay approximately **59%**        .

| Name | Disputed | Contingent | Note | Amount |
|---|---|---|---|---|
| AMERICAN INFOSOURCE LP AS AGENT FOR | ☑ | ☐ | | $187.87 |
| Ashley Funding Services LLC its successo | ☑ | ☐ | | $394.00 |
| Commercial Acceptance | ☐ | ☐ | | $71.00 |
| Delaware County Tax Claim Bureau | ☐ | ☐ | Deficiency | $15,000.00 |
| I.R.S. | ☐ | ☐ | Deficiency | $61,865.04 |
| Keystone Col | ☐ | ☐ | | $89.00 |
| Monterey Col | ☐ | ☐ | | $320.00 |
| PayPal Inc | ☑ | ☐ | | $200.00 |
| TekCollect Inc | ☐ | ☐ | | $48.00 |
| Wells Fargo Bank | ☑ | ☐ | | $208.97 |
| Wells Fargo Bank NA | ☐ | ☐ | Deficiency | $13,231.81 |

Total Unsecured Debt --->  **$91,615.69**

## Additional Provisions of the Plan

**11.  Unsecured Priorty Tax Claims Treatment in Plan**

The unsecured priority claims of all taxing authorities provided for under the plan shall be "Code 23 Creditors" and paid pro-rata in full by the Chapter 13 Trustee before disbursement to the mortgagors, or other secured creditors.

**100 PERCENT TO ALLOWED GENERAL UNSECURED CLAIMS**

* Variable Payments Scheduled.  See Pro Forma, if attached.

(H) **Emerick McKesey**
(W)
(C#) **17-16223AMC13**

CHAPTER 13 PLAN SUMMARY (EXHIBIT "A")    *Page 3*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing CHAPTER 13 PLAN SUMMARY was served upon the following parties of interest:

    William C. Miller, Esquire
    Chapter 13 Trustee
    P.O. Box 40119
    Philadelphia, PA 19106-0119

and all parties and creditors listed on the attached matrix.

DATED:  9/20/2017_____

                                                                                                            **/s/ Michael A. Cibik, Esquire**
                                                                                                            **Michael A. Cibik, Esquire**

\* Variable Payments Scheduled.  See Pro Forma, if attached.